# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

PRESTON LEE BOYD, et al.,

                                   Case No. 1:16-cv-802

        Plaintiffs                        Barrett, J.
                                           Bowman, M.J.

    v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

## REPORT AND RECOMMENDATION

On August 1, 2016, Plaintiffs Preston Lee Boyd and Martain Boyd Thompkins, listed as residing at the same Detroit, Michigan address, filed a document bearing the caption "complaint and status" in this Court. However, Plaintiffs' "complaint" was not accompanied either by the requisite filing fee required to initiate a civil action in this Court, or by a motion seeking leave to file a complaint in this Court *in forma pauperis*, or without payment of fees. (Doc. 1). Therefore, on August 5, 2016 the Court ordered that Plaintiffs' "complaint" not be deemed filed until such time as Plaintiffs either paid the requisite $400.00 filing fee or filed a request for leave to proceed *in forma pauperis* so that they may file their action without payment of fees. (Doc. 2).

On August 15, 2016, Plaintiffs complied with the Order of this Court by filing a motion to proceed without payment of fees. Attached to their motion to proceed without payment of fees is a document identified as a "Complaint and Status," which the

undersigned interprets as an amended version of the complaint originally tendered without an accompanying motion.[1]

## I. General Screening Authority

By separate Order issued this date, Plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The construed amended complaint itself is now before the Court for a *sua sponte* review to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if satisfied that the action is frivolous or malicious. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

---

[1]Unlike the original "complaint and status" signed only by Plaintiff Boyd, the tendered construed amended complaint appears to have been signed by both Plaintiffs, as is required under Rule 11, Fed. R. Civ. P.

Congress has also authorized the *sua sponte* dismissal of complaints which fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915 (e)(2)(B)(ii). Although a plaintiff's *pro se* complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers," the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotation omitted)).  The complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010)("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915(e)(2)(B)(ii) and 1915A(b)(1)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).  The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

3

Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

### II. Allegations Of Complaint

Although Plaintiffs' "complaint" bears a caption that refers to the "6th Circuit Court of Appeals," (Doc. 3-1 at 1), it has been filed in this district court. The Defendants identified in the caption of the complaint include the following entities: Wayne County, 36 District Court, 3rd Circuit Court, Federal Court, Sheriff's Department, and the State of Michigan.

Plaintiffs reside in Detroit, Michigan. The allegations in the complaint generally allude to what has commonly been described as "sovereign citizen" theories, alleging that Plaintiffs are Native Americans and that the United States of America "is a foreign state." (Doc. 3-1 at 2). Plaintiffs also complain generally that the United States and/or the Department of Justice:

> did not serve me under title 28 section 1604-1607[,] they did not proceed under title 22 CFR Section 9212 to 9232 and they did not file a claim against me with the department of state to have the department of state remove my immunity and they did not file a case under Title 27 Section 1330 against me. They violated all of my Native American treaty rights.

(Doc. 3-1 at 2). Despite alleging generally that the United States and/or the U.S. Department of Justice have violated unspecified "treaty rights," neither the United States nor the Department of Justice has been identified in the caption or the body of the complaint as a Defendant. The "United States of America, et al." is listed as a "Defendant" solely on Plaintiffs' motion to proceed *in forma pauperis.* (Doc. 3 at 1).

Plaintiffs' complaint asks the Sixth Circuit Court of Appeals "to be our fiduciary and reserve all of the rights under UCC1-207 and UCC1-308," and alleges claims under

42 U.S.C. § 1983 to send a "message…to everyone in North America that you should not rape, murder, pillage or do treason, edition, involuntary servitude, slavery, terrorism, fraud, extortion, grand theft, robbery, conspiracy and racketeering against a Native American Moor." (Doc. 3-1 at 2). As relief, Plaintiffs seek compensation "in the amount of four billion dollars." (Doc. 3-1 at 3).

Attached to Plaintiffs' complaint are copies of: (1) a Michigan document entitled "Apostille" that appears to have been signed by the Michigan Director of Corporations, Securities & Commercial Licensing Bureau, certifying that no corporate record has been found under the name of Plaintiff "Martain Boyd Thompkins;" (2) the prior Order of the undersigned dated August 5, 2016; and (3) a copy of the notice of electronic filing of the same order. None of those documents alters the analysis of Plaintiffs' claims.[2]

### III. Analysis of Claims

Under relevant screening standards, Plaintiffs' complaint should be dismissed with prejudice in its entirety. The complaint lacks any factual content or context from which the Court may reasonably infer the basis for federal jurisdiction over any claim that Plaintiff may have against any of the identified Defendants. Although Plaintiffs refer

---

[2]Additional documents were attached to Plaintiffs' prior complaint, which contained an additional claim for relief in the form of "full return of ALL of MY land allodium and perpetuity." (Doc. 1 at 3, emphasis original). Even if the additional documents had been included in the complaint that is screened herein, and even if the additional claim for return of land were to be considered, the recommendation for dismissal of this lawsuit would remain unchanged. For the record, the additional documents attached to the original complaint included: (1) a document captioned "Apolistic Letter Issued Motu Proprio Of the Supreme Pontiff Francs On the Jurisdiction of Judicial Authorities of Vatican City State in Criminal Matters"; (2) an "Order" dated April 5, 2015, by self-proclaimed "Alaska Superior Court Judge" Anna Von Reitz; (3) a copy of a Michigan County seal dated 1796; (4) a copy of three Michigan corporate records searches conducted on various dates for entities by the names of Eric R. Sabree, Preston Lee Boyd, or 36th District Corporation, the last of which was identified as a dissolved corporation ; (5) a copy of an unidentified "complaint intake sheet" by Preston Boyd dated 2/9/15; (6) an undated document from Lawyers Title Insurance Corporation that appears to reference insurance, together with a copy of a "Michigan Identification Card" in the name of Preston Lee Boyd that expired in 2009; and (7) a "complaint/petition" that appears to have been filed by "Preston Lee Boyd," dated 2/14/14, seeking "a meeting with the City of Detroit Finance Department Assessment Division for real property and the Correction of land legal Description as recorded."

to 42 U.S.C. § 1983, the nature of their asserted claim or claims under that statute is virtually incomprehensible.  A civil action alleging deprivation of a constitutional right may be brought pursuant to 42 U.S.C. §1983, but requires some allegations that reflect two essential elements: (1) the defendant was a person acting under the color of state law; and (2) the defendant deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States of America.  *Street v. Corrections Corp. of America,* 102 F.2d 810, 814 (6th Cir. 1996).  Here, Plaintiffs offer no factual allegations whatsoever against any of the identified Defendants, and – at best - no more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Plaintiffs' references to the UCC are misguided and unavailing to state any claim. "[A] search of federal case law reveals that this code section [UCC 1-207] has been invoked by some misguided defendants in tax-evasion cases, albeit with uniform failure." *United States v. McKinney*, 375 F. App'x 479, 481 (6th Cir. 2010).

Even if Plaintiffs had included factual allegations that could be construed to make out some allegation of a deprivation of a constitutional right by one or more of the Defendants, nearly all of the identified Defendants appear to be Michigan agencies or governmental entities, which are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440

6

U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

Plaintiffs include the phrase "Federal Court" as a Defendant. While the "United States" has not been identified as a Defendant other than in Plaintiffs' motion to proceed *in forma pauperis*, it is worth noting that the federal government, this federal court, and federal agencies are not proper defendants in an action filed under 42 U.S.C. §1983.

In short, it is clear that none of the Defendants are subject to suit. For example, the caption of Plaintiffs' complaint refers to Defendants identified as "Wayne County" (presumably Michigan), the "3rd Circuit Court," and "36 District Court." The 36th District Court appears to be a state trial court in Detroit Michigan, while the Third Judicial Circuit of Michigan similarly appears to be a state court with jurisdiction over civil matters appealed from Wayne County district courts. Courts are generally entitled to absolute judicial immunity from suit under 42 U.S.C. § 1983.

To the extent that any reviewing court could somehow interpret Plaintiffs' claims as alleging some form of national origin discrimination by some Defendant, any such claim would still be subject to dismissal on initial screening.

> Federal courts have consistently held that national origin protection does not apply to native-born individuals, like the plaintiff, who claim to be affiliated with a tribal government purportedly existing independently of any federally recognized Indian Tribe. *See, e.g., Bey v. Oakton Community College*, No. 14 C 06655, 2015 WL 5732031, at *5 (N.D. Ill. Sept. 30, 2015) ("Without a nonnative country of origin or any characteristic physical, cultural, or linguistic distinctions, the self-professed U.S. nationals of the 'Aboriginal–Indigenous Native American/Moor' persuasion do not credibly allege a protected 'national origin.' ").

*Tum-Re v. Keel*, No. 3:15-CV-2708, 2016 WL 2990944, at *1 (N.D. Ohio May 24, 2016). For similar reasons, arguments that a person is a "sovereign citizen" and not subject to

the laws of the United States have uniformly been rejected by the courts as lacking any foundation in law. *See, e.g., United States v. Mundt,* 29 F.3d 233, 237 (6th Cir.1994) (such an argument "is completely without merit and patently frivolous"); see also *United States v. Allen,* 2009 WL 5218069 (S.D.Ohio Dec.31, 2009), *adopted and affirmed* 2010 WL 2362575 (S.D.Ohio June 10, 2010).

**IV. Conclusion and Recommendation**

For the reasons stated, IT IS RECOMMENDED THAT all claims contained in Plaintiff's complaint be dismissed with prejudice, pursuant to 28 U.S.C. §1915(e)(2)(B).

  *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

PRESTON LEE BOYD, et al.,

                Plaintiffs

      v.

UNITED STATES OF AMERICA, et al.,

                Defendants.

Case No. 1:16-cv-802

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

                 *s/ Stephanie K. Bowman*
                Stephanie K. Bowman
                United States Magistrate Judge